Peter C. Harvey
Thomas P. Kurland
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
pcharvey@pbwt.com
tkurland@pbwt.com

*Attorneys for Plaintiff/Appellant*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| PECOS RIVER TALC LLC,<br><br>        Plaintiff/<br>        Appellant<br><br>-v-<br><br>DR. JACQUELINE MIRIAM MOLINE,<br><br>        Defendant/<br>        Appellee. | No. 24-2345 |

## APPELLANT PECOS RIVER TALC LLC'S THIRD MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF

Pursuant to Fed. R. App. P. 26(b) and 27, and L.R. 31.4, Plaintiff/Appellant Pecos River Talc LLC ("Pecos River") respectfully requests that this Court grant a third 60-day extension of time to file its opening brief in support of its appeal ("Opening Brief") based on further developments which directly impact the record in this case.

In support of this motion, Pecos River states the following:

1. Pecos River is the successor to certain claims relating to Johnson's Baby Powder and Shower-to-Shower, two cosmetic talcum powder products. This appeal concerns Pecos River's claim against Dr. Jacqueline Moline for disparaging those products and causing harm to Pecos River's business based on, *inter alia*, false statements in an article Dr. Moline published in 2020 (the "2020 Article").

2. The 2020 Article presents a case series of 33 *anonymized* individuals who each brought a personal injury lawsuit against Pecos River's predecessors claiming that they had used cosmetic talcum powder products contaminated with trace levels of asbestos which then caused them to develop mesothelioma.

3. Dr. Moline falsely represented in the 2020 Article (and elsewhere since it was published) that these 33 individuals had no

15569843v.1

exposures to asbestos aside from their alleged exposure from cosmetic talcum powder. The District Court dismissed Pecos River's complaint, and Pecos River timely appealed the District Court's dismissal on July 23, 2024. *LLT Mgmt. LLC v. Moline*, 23-cv-02990 (D.N.J.), ECF No. 45.

4. As Pecos River previously informed this Court (*see* ECF Nos. 18-1, 25-1), since Pecos River noticed this appeal, events have continued to unfold in a New York state proceeding that stand to fundamentally alter the factual record in this case in a manner that is likely to be relevant to whether this appeal can or should proceed at this time.

5. Specifically, on October 8, 2024, a New York intermediate appellate court, the Appellate Division, First Department, ordered Dr. Moline and her employer Northwell Health Inc. ("Northwell") to comply with an interstate subpoena demanding documents and testimony sufficient to identify the names of the 33 individuals discussed in the 2020 Article.[1] ECF No. 18-3, Ex. 1; *see also Matter of Johnson & Johnson v. Northwell Health Inc.*, 231 A.D.3d 481 (1st Dep't 2024).

---

[1] Dr. Moline and Northwell are both involved in the New York subpoena litigation because, in essence, Dr. Moline and Northwell each claim that the other controls the disposition of the information sought by the subpoenas.

Immediately thereafter, Dr. Moline and Northwell sought leave to appeal that ruling from New York's highest court, the Court of Appeals, which also stayed their time to produce the information. ECF No. 18-3, Ex. 2.

6. At that point, Pecos River promptly moved this Court for an extension of time to file its opening appellate brief so that it could consider seeking leave from the District Court to re-plead this case pursuant to Fed. R. Civ. P. 60 once it had a chance to review the evidence that Pecos River stood to obtain in New York. *See generally* ECF 18-1 ("First Extension Motion").

7. As Pecos River explained, that evidence is likely to confirm Pecos River's allegation that some if not all of the 33 individuals profiled in the 2020 Article have *non-talc* exposure to asbestos—thereby flatly contradicting Dr. Moline's statements in the 2020 Article. ECF No. 18-1 at ¶ 5. Thus, Pecos River suggested to this Court that waiting to brief the pending appeal until after disclosure of the subjects' identities is "in the best interest of both the parties and judicial efficiency," because "[i]f the Court were to receive briefs on the current schedule, they would be based on an incomplete record that does not

3

reflect newly discovered information." ECF No. 18-1 at ¶ 7.

8. On November 6, this Court granted the First Extension Motion. *See* ECF No. 24. By doing so, this Court implicitly accepted Pecos River's argument that it would do both parties and the Court a disservice to brief this appeal without the benefit of the soon-to-be-produced documents and testimony.

9. Thereafter, on November 21, 2024, New York's highest court, the Court of Appeals, denied Dr. Moline and Northwell's motion for leave to further appeal, awarded Pecos River its costs and disbursements for opposing that motion, and dismissed the administrative stay of the First Department's order as "academic." Ex. 1, *Matter of Johnson & Johnson v. Northwell Health Inc.*, 42 N.Y.3d 1026, 2024 N.Y. Slip Op. 78658 (N.Y. Ct. App. Nov. 21, 2024). At that point, the First Department's order compelling production of the subpoenaed evidence became a final and enforceable judgment in New York with which Dr. Moline and Northwell were required to comply.

10. Unfortunately, despite these clear and unambiguous rulings from the New York courts, Dr. Moline and Northwell refused to produce the documents in question. Indeed, Dr. Moline took the incredible

4

position that she does not possess any responsive documents at all.[2]

11. In response, Pecos River moved by order to show cause in New York Supreme Court to hold both Dr. Moline and Northwell, jointly and severally, in civil and criminal contempt of the Appellate Division, First Department's Order until they produce the information sought. *See generally* Ex. 2; Ex. 3.

12. As before, Pecos River promptly moved this Court for a second extension of time to file its opening appellate brief, which this Court granted. *See generally* ECF Nos. 25-1 ("Second Extension Motion"), 26. Again, Pecos River argued that it would make no sense to brief this appeal without the subpoenaed documents and testimony.

13. While the contempt motions were pending, Northwell moved the New York trial court for a protective order and sought to reargue the denial of its motion for leave to appeal in the New York Court of

---

[2] Given that Dr. Moline herself moved to quash Pecos River's subpoena rather than stating at that time she had no documents, her present assertion is at best implausible and at worst an admission of evidence tampering. Regardless, this issue is presently being litigated in New York with Dr. Moline and Northwell, and Pecos River is confident that at least one of them, now that they are facing serious contempt sanctions, will produce this information soon.

Appeals. *See* Exs. 4, 5. In response, the New York trial court stayed enforcement of the subpoenas and deferred ruling on Pecos River's contempt motions against Dr. Moline and Northwell while Northwell's motion for reargument remains pending. *See* Ex. 6.

14. All this is to say that Pecos River still has not received the evidence which stands to substantially alter the nature of this appeal, and which provided the rationale for the First and Second Extension Motions. Thus, this Court's rationale for granting the First and Second Extension Motions is just as valid today as it was before, and it remains in the best interest of the parties and judicial efficiency for this Court to grant another brief extension of time so that the pending New York litigation can resolve and Pecos River can obtain and evaluate the new evidence in question and determine if a Rule 60 motion is necessary or appropriate here.

15. Another brief extension can also help mitigate the prejudice Pecos River has sustained because of Dr. Moline's continued delay in producing this information. Because the evidence Pecos River stands to receive is likely to dramatically alter the landscape of this case, it would be profoundly unfair to force Pecos River to perfect its appeal on the

current record. In contrast, the only reason for Pecos River's delay at this point is Dr. Moline's refusal to produce documents and testimony she controls while she and Northwell continue their Sisyphean quest to avoid the clear commands of New York's courts.

16. Thus, while Pecos River fully expects to receive the evidence in question in due course, that will not occur until the New York Court of Appeals renders its decision on Northwell's motion for reargument. Therefore, Pecos River respectfully submits that the interest of justice also requires an additional extension until that decision, and the documents in question are produced.[3]

17. This is Pecos River's third request for an extension of time to file its Opening Brief; its first and second requests were granted. *See* ECF Nos. 24, 26. Pecos River's counsel sought Dr. Moline's counsel's consent before filing but did not receive a response.

---

[3] Conversely, Dr. Moline cannot possibly claim prejudice from this extension; she could make this evidence appear at any time. That she has steadfastly refused to do so strongly suggests that what it says will not be helpful to her case—here or in any other court.

Accordingly, Pecos River respectfully requests that this Court set a May 2, 2025 deadline to file its Opening Brief.[4]

Dated: February 14, 2025

                                  Respectfully submitted,

                                  PATTERSON BELKNAP WEBB & TYLER LLP

                                  By: /s/ *Thomas P. Kurland*
                                       Peter C. Harvey
                                       Thomas P. Kurland
                                  1133 Avenue of the Americas
                                  New York, NY 10036-6710
                                  Telephone: (212) 336-2000
                                  Fax: (212) 336-2222
                                  pcharvey@pbwt.com
                                  tkurland@pbwt.com

                                  *Counsel for Plaintiff/Appellant*

---

[4] As before, Pecos River notes that if Dr. Moline (or Northwell, as the case may be) continues to obstruct Pecos River's efforts to obtain these documents, Pecos River expressly reserves the right to seek a further extension of this deadline.

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,494 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. The brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) and 3d Cir. L.A.R. 32.1(c) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 ProPlus in Century Schoolbook 14-point font.

3. Pursuant to Local Rule 31.1(c), I hereby certify that the text of the electronic brief is identical to the text in the paper copies, and that it has been scanned for viruses using McAfee Endpoint Security, Version 10.7.1, and no virus was detected.

Dated: February 14, 2025

*/s/ Thomas P. Kurland*
*Counsel for Plaintiff/Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system, thereby serving all registered counsel of record.

*/s/ Thomas P. Kurland*
*Counsel for Plaintiff/Appellant*